# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2022

Lyle W. Cayce
Clerk

No. 21-60517
Summary Calendar

MAKITIO GARCIA-ALVES,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 477 768

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Makitio Garcia-Alves, a native and citizen of Angola, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60517

Convention Against Torture (CAT). The BIA affirmed the IJ's adverse credibility determination; on that basis, it concluded that Garcia-Alves had failed to establish an eligibility for relief.

As a preliminary matter, we find that Garcia-Alves abandoned his claims for asylum and withholding of removal when he admitted in his brief submitted to the BIA that he could not show the requisite nexus between any actual or feared persecution and a protected ground. Insofar as he seeks to reprise those claims in his petition, we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Martinez-Guevara v. Garland*, 27 F. 4th 353, 360 (5th Cir. 2022); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

Otherwise, Garcia-Alves challenges the BIA's credibility determination, raising arguments that attempt to explain away the several inconsistencies identified by the BIA. However, the BIA cited "specific and cogent reasons derived from the record" to support the adverse credibility determination. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted). Garcia-Alves has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in his case. *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009). Thus, the adverse credibility determination is supported by substantial evidence. *See id.* at 536-40.

Further, although an adverse credibility determination is not necessarily dispositive of a CAT claim, Garcia-Alves has pointed to "no independent, non-testimonial evidence going to the likelihood of torture," and therefore the adverse credibility finding is also decisive of his CAT claim. *Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021) (quotation on 598).

No. 21-60517

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.